13-2925-cr
United States v. Baghoumian

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
            REENA RAGGI,
            DENNY CHIN,
                      *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                      *Appellee*,

            v.                                          No. 13-2925-cr

HERAYER BAGHOUMIAN, aka Sealed Defendant 5, aka Vazken,

                      *Defendant-Appellant*,

ARMEN KAZARIAN, aka Sealed Defendant 1, aka Pzo, aka Qerop, aka Armen Kazarin, DAVIT MIRZOYAN, aka Sealed Defendant 2, ROBERT TERDJANIAN, aka Sealed Defendant 3, aka Robik, aka Robert Vovk, ALEKSANDR AVETISYAN, aka Sealed Defendant 4, aka Vladimir Arushunyan, POGOS SATAMYAN, aka Sealed Defendant 6, ARTUR YEPISKOPOSYAN, aka Sealed Defendant 7, aka Butania, VAGAN STEPANIAN, aka Sealed Defendant 8, VARUJAN AMROYAN, aka Sealed

1

Defendant 9, aka Varush, JACOB POGOSIAN, aka Sealed Defendant 10, KAREN SIMONIAN, aka Sealed Defendant 11, VARTAN BOYZADZHYAN, aka Sealed Defendant 12, aka Levon Papikan, aka Ararat Bedrousian, ARTUR MANASARIAN, aka Sealed Defendant 13, GOURGEN MIRIMANIAN, aka Sealed Defendant 14, aka Edo, MANUK MURADAKHANYAN, aka Sealed Defendant 15, aka Manch, LIANA SOGHOYAN, aka Sealed Defendant 16, TIKRAN TAKVORYAN, aka Sealed Defendant 17, GAYANE KHATCHATURYAN, aka Sealed Defendant 18, GAGIK KYURKCHYAN, aka Sealed Defendant 19, ANNA ZAICHIK, aka Sealed Defendant 20, ARON CHERVIN, aka Sealed Defendant 21, KAREN AHARONIAN, aka Sealed Defendant 22, ARMEN GRIGORIAN, aka Sealed Defendant 23, KAREN MARKOSIAN, aka Sealed Defendant 24, ANNA TERMARTIROSYAN, aka Sealed Defendant 25, MICHAEL DOBRUSHIN, aka Sealed Defendant 26, SAMVEL HAKOPYAN, aka Sealed Defendant 27, RAFIK TERDJANIAN, aka Sealed Defendant 28,

*Defendants.**

--------------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | James M. Branden, ESQ., New York, New York. |
| FOR APPELLEE: | Harris Fischman, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 15, 2013, is AFFIRMED.

---

* The Clerk of Court is directed to amend the official caption as shown above.

2

Defendant Herayer Baghoumian, who stands convicted on a guilty plea of racketeering conspiracy, see 18 U.S.C. § 1962(d), asserts that the district court committed procedural and substantive error in sentencing him to 135 months' imprisonment. In reviewing the challenged sentence for "reasonableness," "a particularly deferential form of abuse-of-discretion review," United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Baghoumian asserts that the district court committed procedural error by not adequately considering mitigating circumstances, relying instead only on (1) the fact that his participation in Medicare fraud affected the nation's health care system, which the court characterized as an extremely "important issue in this country," A. 184, and (2) the need to promote general deterrence. We disagree.[1]

We entertain "a strong presumption" that a sentencing judge has considered all arguments properly presented, "unless the record clearly suggests otherwise." United States v. Cossey, 632 F.3d 82, 87 (2d Cir. 2011) (internal quotation marks omitted). Here, the record shows that the district court considered not only the nature of Baghoumian's crime and the need for general deterrence, but also numerous potentially mitigating factors,

---

[1] Because we identify no error, we need not consider whether Baghoumian's failure to raise his entire inadequate consideration argument in the district court limits our review to plain error. See United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007).

including Baghoumian's role in the offense, his limited criminal history, his family ties, and the possible immigration consequences of his conviction. Indeed, the district court expressly referenced some of these factors in granting Baghoumian a downward variance from Criminal History Category III to Category II. In such circumstances, we identify no procedural error in sentencing. See United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010) ("The District Court here considered all arguments of counsel and fully stated the reasons for the sentence imposed, and that was all that was required."); cf. United States v. Corsey, 723 F.3d 366, 376 (2d Cir. 2013) (identifying error where district court provided only "passing mention to any of the section 3553(a) factors," instead justifying maximum sentence "by relying almost exclusively on one word—'deterrence'").

2.      Substantive Reasonableness

In challenging the substantive reasonableness of his sentence, Baghoumian bears a heavy burden because we will set aside a district court's substantive determination only in exceptional cases where the trial court's decision "cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that broad range of sentences can be reasonable in particular case). Thus, we do not substitute our own judgment for that of the sentencing court; we ask only whether the challenged sentence is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," that allowing it to stand would "damage the administration of justice."

4

United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009); accord United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012). That is not this case.

Baghoumian asserts that his 135-month prison sentence is substantively unreasonable because any sentence above 121 months—the upper end of the Guidelines range calculated in his plea agreement, which did not account for his then undisclosed prior convictions—is improper in light of his role in the offense, personal history, and possible deportation. Where, as here, the district court explicitly considered such facts in imposing sentence, we will not second guess the weight it assigns them "as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006) (recognizing that "weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge" and generally is beyond appellate review). In light of Baghoumian's substantial participation in a Medicare fraud scheme that resulted in loss between $7 million and $20 million, we cannot conclude that a 135-month sentence—within the 108-to-135 month Guidelines range resulting from the district court's downward variance—is outside the range of substantive reasonableness. See id. at 27 (stating that "overwhelming majority" of Guidelines sentences are substantively reasonable); see also United States v. Jones, 531 F.3d at 174.

Accordingly, Baghoumian's sentencing challenges fail on the merits.

5

We have considered Baghoumian's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court